a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ADRIAN C. BRANHAM,<br>Petitioner | CIVIL DOCKET NO. 1:20-CV-0393-P |
| VERSUS | JUDGE JOSEPH |
| C. MCCONNELL,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by *pro se* Petitioner Adrian C. Branham ("Branham") (#12756-021). Branham is an inmate in the custody of the Federal Bureau of Prisons incarcerated at the United States Penitentiary in Beaumont, Texas. He was incarcerated in Pollock, Louisiana when the Petition was filed.

Because Branham is not entitled to proceed under § 2241, the Petition (ECF No. 1) should be DISMISSED for lack of jurisdiction.

I.  Background

As set forth recently by the United States Court of Appeals for the Eleventh Circuit:

> As a brief factual background, Branham was charged with one count of conspiracy to commit Hobbs Act robbery (Count 1), in violation of 18 U.S.C. § 1951, three counts of substantive Hobbs Act robbery (Counts 2, 3, & 4), in violation of § 1951 and 18 U.S.C. § 2, and three counts of brandishing a firearm during a crime of violence, in violation of 18 U.S.C. §§ 924(c) and 2 (Counts 5, 6, & 7). Notably, each § 924(c) count was tied to one of the substantive Hobbs-Act-robbery counts.[1] For each

---

[1] Specifically, Count 5 was tied to Count 2, Count 6 was tied to Count 3, and Count 7 was

> substantive-Hobbs-Act-robbery charge, Branham's indictment alleged that he committed the crime "through co-conspirators," who he "counseled, commanded, and induced" to commit the robberies. In instructing Branham's jury, the district court noted that he was not charged with personally participating in the commission of the substantive offenses, but he could be convicted as a conspirator, or as aiding and abetting in the commission of the robberies. Branham was convicted by a jury of all charges, and was sentenced to 1,644 months' imprisonment, consisting of 240 months' imprisonment for each of Counts 1-4, 84 months' imprisonment for Count 5, and 300 months' imprisonment for each of Counts 6 and 7, all to be served consecutively.
>
> In 2009, Branham filed his original § 2255 motion, which the district court denied with prejudice. Branham has filed multiple prior successive applications, relying on *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), all of which we denied or dismissed.
>
> In his instant application, Branham indicates that he would like to raise one claim in a second or successive § 2255 motion, relying on *United States v. Davis*, 139 S. Ct. 2319 (2019), as a new rule of constitutional law. He also mentions *Johnson* and *Dimaya* in setting forth his claim.[2] Branham contends that he was convicted of Hobbs Act robbery "as a co-conspirator," and his jury was instructed "on the conspiracy doctrine." Accordingly, he argues, the Hobbs-Act-robbery convictions that support his § 924(c) convictions should be treated as conspiracy-to-commit-Hobbs-Act-robbery convictions, which do not qualify as crimes of violence after *Davis*. He states that he is actually innocent of his § 924(c) convictions, or his § 924(c) convictions are invalid after *Davis*.

*In re: Adrian Branham*, No. 19-12923 (11th Cir. 08/16/2019).

The Eleventh Circuit found that Branham could not make a *prima facie* showing that any of his § 924(c) convictions and sentences are unconstitutional under *Davis*. Thus, Branham's request for authorization to file a second or successive §

---

tied to Count 4. (Criminal Docket, Doc. 14).

[2] Branham's reliance on *Dimaya* and *Johnson* to support his § 924(c) challenge is misplaced, as those cases involved 18 U.S.C. § 16(b) and the Armed Career Criminal Act, respectively, not § 924(c). Thus, Branham's current claim is best interpreted as a *Davis* claim.

2255 motion was denied by the appellate court. *In re: Adrian Branham*, No. 19-12923 (11th Cir. 08/16/19).

Branham has now filed a § 2241 Petition in this Court seeking to proceed under the savings clause of § 2255(e) based on *Davis*.

II.   **Law and Analysis**

A prisoner may attack the validity of his conviction in a § 2241 petition only if he can meet the requirements of the savings clause of § 2255(e) and show that the § 2255 remedy is inadequate or ineffective to challenge his conviction. *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000); *Tolliver v. Dobre*, 211 F.3d 876, 877-78 (5th Cir. 2000). To satisfy the savings clause, a petitioner must demonstrate that: (1) the claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that the petitioner was "actually innocent" of the charges because the decision decriminalized the conduct for which the petitioner was convicted; and (3) the claim would have been foreclosed by existing circuit precedent had the petitioner raised it at trial, on direct appeal, or in the original § 2255 petition. *See Christopher v. Miles*, 342 F.3d 378, 382 (5th Cir. 2003) (citing *Reyes–Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001); *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001)).

Branham claims that his conviction and sentence are unlawful under *Davis*, which recognized a new rule of constitutional law that applies retroactively on collateral review. *United States v. Reece*, 938 F.3d 630, 634-35 (5th Cir. 2019). In *Davis*, the Supreme Court held that the residual clause of § 924(c)(3)(B), like the

3

residual clauses in the Armed Career Criminal Act and 18 U.S.C. § 16(b), is unconstitutionally vague. *Davis*, 139 S. Ct. at 2324-25, 2336.

Branham has already been denied relief under *Davis*. As the Eleventh Circuit concluded, Branham was convicted of Hobbs Act robbery, which qualifies as a crime of violence under the "elements clause" of § 924(c)(3)(A) rather than the "residual clause" of § 924(c)(3)(B). *See In re: Adrian Branham*, No. 19-12923 (11th Cir. 08/16/19). Both the United States Courts of Appeals for the Fifth Circuit and Eleventh Circuit have unequivocally held that Hobbs Act robbery is a crime of violence under the "elements clause" of § 924(c)(3)(A). *See Rainwater v. McConnell*, 803 F. App'x 802, 803 (5th Cir. 2020); *United States v. Bowens*, 907 F.3d 347, 353-54 (5th Cir. 2018), *cert. denied*, 139 S. Ct. 1299 (2019) ("[B]inding circuit precedent forecloses [defendant's] claim that Hobbs Act robbery is not a [crime of violence] predicate under 18 U.S.C. § 924(c)(3)(A). . . ."); *In re Saint Fleur*, 824 F.3d 1337, 1340-41 (11th Cir. 2016); *United States v. St. Hubert*, 909 F.3d 335, 345 (11th Cir. 2018), *cert. denied*, 139 S. Ct 1394 (2019); *United States v. Ofomata*, CR 17-201, 2020 WL 4050390, at *3 (E.D. La. July 20, 2020) (citing *United States v. Buck*, 847 F.3d 267, 274 (5th Cir. 2017); *United States v. Davis*, 903 F.3d 483 (5th Cir. 2018), *aff'd in part, vacated in part, remanded on other grounds*, 139 S. Ct. 2319 (2019); *United States v. Curtis*, 755 F. App'x 435, 436 (5th Cir. 2019) (same); *United States v. Bell*, 680 F. App'x 329, 330 (5th Cir. 2017) (same)). Also, Hobbs Act robbery remains a crime of violence under § 924(c)(3)(A) even after *Davis*. *See In re: Adrian Branham*, No. 19-12923 (11th Cir. 08/16/2019); *Ofamata*, 2020 WL 4050390 at 3.

Moreover, Hobbs Act robbery convictions that rely on aiding and abetting also qualify as crimes of violence under the "elements clause" of § 924(c)(3)(A). *See In re Adrian Branham*, No. 19-12923 (11th Cir. 08/16/19); *In re Colon*, 826 F.3d 1301, 1305 (11th Cir. 2016) ("[b]ecause an aider and abettor is responsible for the acts of the principal as a matter of law, an aider and abettor of a Hobbs Act robbery necessarily commits all the elements of a principal Hobbs Act robbery"); *Dupree v. United States*, 1:08-CR-00170, 2020 WL 1984317, at *6 (M.D. Pa. Apr. 27, 2020); *United States v. Grissom*, 760 F. App'x 448, 454 (7th Cir. 2019) (holding that, because aiding and abetting is an alternative theory of liability for an offense, one who aided and abetted a Hobbs Act robbery still committed a predicate crime of violence under § 924(c)); *United States v. McKelvey*, 773 F. App'x 74, 75 (3d Cir. 2019) (same); *Rogers v. McConnell*, 1:19-CV-1399-P, 2020 WL 864034 (W.D. La. Jan. 29, 2020), *report and recommendation adopted*, 2020 WL 868048 (W.D. La. Feb. 20, 2020).

Because Hobbs Act robbery and aiding and abetting in a Hobbs Act robbery qualify as crimes of violence under the "elements clause," *Davis*, which declared the "residual clause" unconstitutional, is inapplicable.

### III. Conclusion

Because Branham cannot meet the requirements of the savings clause, the § 2241 Petition (ECF No. 1) should be DISMISSED for lack of jurisdiction, WITH

PREJUDICE as to the jurisdictional issue, and WITHOUT PREJUDICE as to the merits of Branham's claim.[3]

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

---

[3] *See Pack v. Yusuff*, 218 F.3d 448, 454 (5th Cir. 2000) ("Because the district court did not rule on the merits of Pack's claim, his petition should be dismissed with prejudice regarding the jurisdictional issue only, and dismissed *without prejudice* regarding all other issues."); *Reed v. Young*, 471 Fed. Appx. 284, 285 (5th Cir. 2012) (unpublished) (because the district court lacked jurisdiction, its judgment should reflect that the dismissal was with prejudice as to the jurisdictional issue, and without prejudice as to the merits of Reed's claim).

SIGNED on Wednesday, September 9, 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE